SCPW-13-0004393

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

---

ALLURE WAIKIKI MARKETING, LLC; and
KALAKAUA RELIEF LINE, LLC, Petitioners,

vs.

STATE OF HAWAI'I DEPARTMENT OF COMMERCE AND
CONSUMER AFFAIRS; and KEALI'I S. LOPEZ, IN HER CAPACITY
AS DIRECTOR OF THE DEPARTMENT OF COMMERCE AND
CONSUMER AFFAIRS FOR THE STATE OF HAWAI'I, Respondents.

---

ORIGINAL PROCEEDING

ORDER GRANTING PETITION FOR WRIT OF MANDAMUS
(By: Recktenwald, C.J., Nakayama, Acoba, McKenna, and Pollack, JJ.)

Upon consideration of petitioners Allure Waikiki Marketing, LLC ("Allure Waikiki") and Kalakaua Relief Line, LLC's ("KRL") petition for a writ of mandamus, filed on October 23, 2013, respondents State of Hawai'i Department of Commerce and Consumer Affairs ("DCCA") and DCCA Director Keali'i S. Lopez's answer to the petition, filed on December 20, 2013, and respondents' subsequent response clarifying their position, filed on December 26, 2013, petitioners' stipulation and order, filed on December 17, 2013, the respective supporting documents, and the record, it appears that:

(1) On or about March 4, 2013, Steven D. Fifield, the manager of KRL's former member and former manager, FRC Waikiki, LLC, filed Articles of Termination for KRL with the DCCA pursuant to Hawaiʻi's Uniform Limited Liability Company Act, which is promulgated under HRS ch. 428, without authority to file such document;

(2) Once the Articles of Termination were filed, the DCCA considered KRL to be terminated and no longer an existing LLC;

(3) The DCCA lacks specific statutory authority to reinstate a LLC that was terminated by the filing of a Articles of Termination and will not reinstate such a LLC absent court order;

(4) Respondents are agreeable to reinstating KRL as a LLC retroactively to March 4, 2013, but reserve the right to object to and submit legal arguments against similar petitions filed in the future concerning the reinstatement of a terminated LLC or any other challenges to their filing duty and procedure under HRS ch. 428; and

(5) The parties agree that they will be responsible for their own attorneys' fees and costs.

Under the specific facts and circumstances presented in this proceeding, and the DCCA and Lopez's position with respect to KRL's reinstatement as a LLC, a writ of mandamus is warranted at this time. Accordingly,

2

IT IS HEREBY ORDERED that the petition for a writ of mandamus is granted to the extent that respondents are directed to reinstate KRL as a LLC retroactively to March 4, 2013.

DATED: Honolulu, Hawaiʻi, February 12, 2014.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Simeon R. Acoba, Jr.

/s/ Sabrina S. McKenna

/s/ Richard W. Pollack



3